Kelly S. Johnson, Esq.
LAW OFFICES OF KELLY S. JOHNSON
180 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Telephone (949) 729-8014
Facsimile (949) 729-8050


Attorney for Plan Proponent
and Secured Creditor,
Joseph Kurn

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

| | |
|---|---|
| In re | Case No.  2:09-bk-15319-PC |
| 450 S. BURLINGTON PARTNERS, LLC, | Chapter 11 |
| Debtor. | **CHAPTER 11 PLAN PROPONENT'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY PURSUANT TO CONFIRMED PLAN; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOSEPH W. KURN** |
| | Real Property: 450 S. Burlington, Los Angeles, CA |
| | JUDGE PETER H. CARROLL COURTROOM 1539 |
| | DATE: June 29, 2011 TIME: 9:30 a.m. CTRM: 1539 |

**TO THE HONORABLE PETER H. CARROLL, U.S. BANKRUPTCY JUDGE; OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:**

Joseph Kurn, the Plan Proponent and secured creditor with relation to the bankruptcy estate of the above-referenced Chapter 11 matter, respectfully submits the following Motion for an Order Authorizing the Sale of Real Property of the Bankruptcy

1

Estate pursuant to the Confirmed Plan of Reorganization and also Bankruptcy Code 363(b)(1) (the "Sale Motion") to Catalina Preferred Properties, LLC (the "Purchaser"). In support of the Sale Motion, the Plan Proponent represents as follows.

**BACKGROUND INFORMATION**

A.    **Case Commencement and Sole Real Estate Asset**

On March 10, 2009, the Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").    On July 26, 2010, the Court entered the "Order Granting Order Confirming Joseph Kurn's Chapter 11 Plan as Modified" (the "Confirmation Order"), confirming the Chapter 11 Plan of Reorganization as modified filed on 3/23/10 (the "Plan").    Since such time, the Debtor and their agents, and more recently Kurn and his agents have been trying to effectuate a sale of the Debtor's real property, which is located at 450 S. Burlington in Los Angeles, CA 90057, in order to fund the Plan payments as there are not any other significant assets belonging to the Debtor other than the subject real property. With relation thereto, the Confirmed Plan of Reorganization provides that the subject real property is to sell for its "fair market value".    The Plan Proponent recently obtained an MAI Appraisal establishing the fair market value at $1,120,000.  Accordingly, the Plan Proponent has received and accepted a written offer to purchase the Debtor's real property for the appraised amount and hereby requests the Court to approve the sale for the reasons more fully set forth below.

2

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

The main asset in this case is Debtor's multi-tenant real property located at 450 S. Burlington 2 Los Angeles, CA 90057 (the "Property"). There is currently a first trust deed in favor of the City of Los Angeles, encumbering the Property in the approximate amount of $452,000, and a second trust deed in favor of Victor Ritter, encumbering the Property in an allowed amount of $221,382. Furthermore, the Confirmed Chapter 11 Plan provides that certain Administrative Claims are also to be paid from the sale of the Property, including $85,000 max. to the Buchalter, Nemer Firm and $15,000 to the Bankruptcy Law Firm, PC as well as a priority tax claim of $6,650.65 to the County of Los Angeles Tax Collector. In addition, the Plan Proponent was requested by the Court to obtain, and he has obtained, an appraisal of the subject property, which lists the fair market value at $1,120,000 and such Appraisal has been provided to the required counsel as directed by the Court.

**B.   Terms of the Sale**

Although the terms of the sale are fully set forth in the Residential Income Property Purchase Agreement and Joint Escrow Instructions and the Addendum thereto, which is attached hereto as **Exhibit A**, the essential terms can be summarized as follows:

a.   The sale price is $1,120,000 ("Purchase Price").

b.   The Buyer understands that the sale is "as is" with relation to the condition of the Property. However, the offer is contingent upon the approval and transfer of the assumable first loan from the City of Los Angeles. In addition, the Plan Proponent is requesting in this Motion that if the City of Los Angeles has not as of the date of the Hearing approved the

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

assumption of the loan by the Movant herein, that the Court order the loan is assumed relating to the Movant based on the assumption package previously submitted to the City for which the 60 - 90 day time frame for review has already expired. This sale is also expressly conditioned on approval of the United States Bankruptcy Court for the Central District of California, Los Angeles Division in accordance with the Confirmed Chapter 11 Plan of Reorganization herein.

c. Escrow is scheduled to close within two (2) weeks after the Bankruptcy Court Approves the sale of the Property. In addition, Escrow shall not be authorized to disburse any funds without the prior Court Order approving the sale of the Property.  Overall, Purchaser has deposited $20,000 in escrow.

d. In addition, the Purchaser is hereby requesting to take over management of the subject real property upon Court approval of the sale in accordance with the Post-Confirmation Management provisions contained in the Confirmed Chapter 11 Plan.  With relation thereto, the current management company, Urban Housing LLC shall be terminated upon Court approval and the Purchaser shall take over management at that time. Furthermore, Urban Housing LLC shall cooperate with the new owner to transition the management and shall provide all necessary information, documents and receipts, etc. with relation to management of the subject property, including current tenants, leases, etc. to the Purchaser within two (2) weeks of Court approval.

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

Overall, the proposed sale has been brought in good faith and has been negotiated on an "arms length" basis. Moreover, the negotiations with the Buyer has resulted in an offer to sell the Property that will have substantial benefit to the creditors and estate. Accordingly, the sale is in good faith and should be approved. Therefore, the Plan Proponent shall request such a finding pursuant to Bankruptcy Code Section 363(m) at the hearing on this Sale Motion.

**C.    Sale is Subject to Overbid and Overbid Procedures**

As more fully set forth above, an offer to purchase the subject property was submitted by Catalina Preferred Properties, LLC. The offer was accepted and escrow was thereafter opened. The offer to purchase the subject real property is for the sum of $1,120,000, which was the appraised value pursuant to an MAI Appraisal previously provided by Cummings Appraisal Group, Inc. The above offer is being submitted to the Court for approval.

However, the Court will be accepting overbid offers. With relation thereto, overbidders must bring a cashiers check for at least five percent (5%) of the sale price stated in the Motion and tender such check to the Plan Proponent's counsel, Kelly S. Johnson at the hearing in order for a party to be allowed to overbid. If the overbidder is the winning bidder, their cashiers check becomes the deposit on the purchase. If the winning bidder thereafter fails to timely close the sale, due to the fault of bidder, the seller will keep the deposit money. At end of bidding, the Court will decide which is the most favorable bid, not necessarily the highest dollar bid, as Court may decide a more reliable bidder is more desirable.

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

As a part of the overbid process, the Movant is providing notice to all former agents, and parties who have previously submitted offers on the subject property. With relation thereto, notice of this Motion to sell is being provided to known persons or entities who ever bid on, or expressed interest in bidding on the subject property during the Chapter 11 Bankruptcy case, and includes sending a copy of this Motion to all brokers who ever brought in potential buyers for the property or were listing brokers for the property.   In addition, the Debtor and other parties herein are encouraged and requested to also notify any other potential buyers and/or their agents who have submitted or are interested in submitting offers as to the availability of the subject property and the terms of sale listed above.

**D.   Estimated Contributions re the Sale**

As set forth below, the sale will generate sufficient funds to pay the liens set forth above and other amounts as follows:

| | | |
|---|---|---|
| Sale Price | $ | 1,120,000 |
| Victor Ritter | $ | 221,382 |
| Buchalter Nemer | $ | 85,000 |
| The BK Law Firm | $ | 15,000 |
| Priority Taxes | $ | 6,650.65 |
| Costs of Sale (est) | $ | 22,500 |
| City of LA (assume) | $ | (452,000) |
| Joe Kurn Note | $ | (365,000) |
| | | |
| Cash for Purchase | $ | 350,532.65 |

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### COURT MAY AUTHORIZE THE SALE OF THE PROPERTY

### WHEN THERE IS A GOOD FAITH PURCHASER

The Trustee, after notice and hearing, may sell property of the estate.  See Bankruptcy Code Section 363(b).  The proponent of the sale must establish that there is a sound business purpose for the sale, that the sale is in the best interests of the estate (ie. the sale is for a fair and reasonable price), that there is accurate and reasonable notice to creditors and that the sale is made in good faith.  In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); In re Lionel Corp., 722 F.2d 1063, 1069 (2d Cir. 1983).  Business justification would include the need to close a sale to one of very few serious bidders where an asset has been extensively shopped and a delay could jeopardize the transaction.  See, e.g., In re Crowthers McCall Pattner, Inc., 114 B.R. 877, 885 (Bankr. S.D.N.Y. 1990) (extreme difficulty finding a buyer justified merger when buyer found).  The Plan Proponent's proposed sale of the Property meets the foregoing criteria.

A.   **Sound Business Purpose**

The Ninth Circuit in In re Walter, 83 B.R. 14 (Bankr. 9th Cir. 1988) has adopted a flexible, case by case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Section 363(b).  In Walter, the Ninth Circuit, adopting the reasoning of the Fifth Circuit in In re Continental Air Lines, Inc., 780 F.2d 1223 (5th Cir. 1986), and the Second Circuit in In re Lionel

7

Corp., 722 F.2d 1063 (2d Cir. 1983), set forth the following standard to be applied under Bankruptcy Code Section 363(b).

> Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in Lionel, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the assets to the estate as a whole, the amount of lapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasingly or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

Walter, supra, at 19-20 [quoting In re Continental Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986)].

In the present case, there is a sound business purpose for the sale, and such sale is also in accordance with the Confirmed Chapter 11 Plan of Reorganization. The sale as proposed will also pay all liens, Administrative and Priority Tax Claims. The Plan Proponent also believes that the sale pursuant to this Sale Motion will be at fair market and it will yield sufficient proceeds to close the sale. On the other hand, if the sale is not approved, the Estate will be required to continue to market the Property for sale and the above claims will not be paid. Therefore, the Plan Proponent respectfully submits that, if this Court applies the good business reason standard suggested by the Second Circuit in Lionel, the Sale Motion should be approved.

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

### B.   The Sale is in the Best Interests of Estate & Creditors

The benefits to the Estate, as set forth above, will be substantial. The Plan Proponent, per the Plan, has made a business decision that it is in the best interest of the creditors of this Estate that this Sale Motion be approved in that it is for the fair market value of the subject Property. Moreover, if the sale is approved, there will be sufficient net proceeds for the benefit of the estate in order to pay necessary Administrative and Priority Tax Claims in full. Accordingly, it would be in the best interest of the Estate if the proposed sale is approved by the Court at this time based on the foregoing.

### C.   Accurate and Reasonable Notice

It is expected that notice of this Sale Motion will satisfy the requirements for accurate and reasonable notice and will be appropriate under the circumstances. The Plan Proponent shall provide notice of the proposed sale to the parties and other potential bidders. The Notice of this Sale Motion will include a summary of the terms and conditions of the proposed sale, overbid procedures, the time fixed for filing objections, and a general description of the Property. The Plan Proponent submits that the notice requirements will have been satisfied, thereby allowing creditors and parties in interest an opportunity to object to the sale. Thus, no further notice should be necessary.

### D.   The Sale is Made In Good Faith

The proposed sale has been brought in good faith and has been negotiated on an "arms length" basis. The court in Wilde Horse Enterprises, set forth the factors in considering whether a transaction is in good faith. The court stated:

9

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

"Good faith" encompasses fair value, and further speaks to the integrity of the transaction. Typical 'bad faith' or misconduct, would include collusion between the seller and buyer, or any attempt to take unfair advantage of other potential purchasers …. And, with respect to making such determinations, the court and creditors must be provided with sufficient information to allow them to take a position on the proposed sale. (citations omitted). Id. at 842.

In the present case, the negotiation of the proposed sale was an arms-length transaction and is for the full appraised value. The negotiations with the Buyer has resulted in an offer to sell the Property that will be at the appraised value (ie. fair market price) and have substantial benefit. In addition, the proposed overbid procedures have been brought in good faith and have been developed on an "arms length" basis. There is no prospective taint in dealings between the Seller and any proposed Buyers and the Court will have ultimate discretion with relation thereto. As set forth in the Notice of the Sale Motion, the creditors will also have been provided with sufficient notice of the sale. Accordingly, the sale is in good faith and should be approved. The Plan Proponent shall request such a finding pursuant to Bankruptcy Code Section 363(m) at the hearing on this Sale Motion.

## II

## CONCLUSION

For the foregoing reasons, the Plan Proponent respectfully requests that the Court enter an order as follows:

1. That the Sale Motion is granted;

2. That there is a sound business purpose for the sale;

3. That the sale is in the best interests of the Estate;

4. That accurate and reasonable Notice has been given;

10

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

5.   That the sale is made in good faith and is entitled to protection under Bankruptcy Code § 363(m);

6.   That the sale is approved as to Catalina Preferred Properties, LLC, who shall take over management of the property upon entry of the Order Approving Sale, or the sale is approved to the highest and most qualified bidder at the time of the hearing subject to Court approval;

7.   That the brokers' commission and other reasonable costs associated with the sale will be paid out of escrow;

8.   That the City of Los Angeles assumable loan shall be assumed by Catalina Preferred Properties, LLC, and the Debtor is hereby released from such loan with a written release to be signed and submitted by the City of Los Angeles to escrow;

9.   That the Victor Ritter loan shall be paid from escrow and Mr. Ritter shall submit a reconveyance of his Deed of Trust to escrow before the close of escrow as a condition of payment;

10.   For such other and further relief as the Court deems just and proper.

DATED: May 27, 2011          /S/ Kelly S. Johnson
                             KELLY S. JOHNSON,
                             Attorney for Plan Proponent
                             and Secured Creditor,
                             Joseph Kurn

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

## DECLARATION OF JOSEPH KURN

I, Joseph Kurn, declare:

1.   I am the Plan Proponent with relation to the Confirmed Chapter 11 Plan of Reorganization relating to 450 S. Burlington Partners, LLC ( the "Debtor"). Except as otherwise stated, I have personal knowledge of the following facts and could and would competently testify thereto if called upon to do so.

2.   I make this Declaration in support of the Motion For Order Authorizing Sale of Property Pursuant to Bankruptcy Code Section 363(b)(1) (the "Sale Motion") to Catalina Preferred Properties, LLC.  I have read the above Motion and all facts set forth herein are true and correct to the best of my knowledge.

3.   The main asset in this case is the Debtor's real property located at 450 S. Burlington Avenue, Los Angeles, CA 90057 (the "Property").  There is currently a first trust deed in favor of the City of Los Angeles, encumbering the Property in the amount of approx. $452,000, and a second trust deed in favor of Victor Ritter, encumbering the Property in an allowed amount of $221,382.

4.   Furthermore, the Confirmed Chapter 11 Plan provides that certain Administrative Claims are also to be paid from the sale of the Property, including $85,000 to the Buchalter, Nemer Firm and $15,000 to the Bankruptcy Law Firm, PC.   Also, a Priority Tax Claim payable to the County of Los Angeles Tax Collector in the sum of $6,650.65 is to be paid from the sale.

5.   In addition, I was requested by the Court to obtain, and I have obtained, an MAI Appraisal of the subject property, which lists the fair market value at $1,120,000.   The Appraisal was also provided to the other counsel as directed by the Court.

6.   Thereafter, an offer to purchase the property was submitted by Catalina Preferred Properties, LLC, the offer was accepted and escrow was thereafter opened. Since that time, an additional deposit has been made by the Purchaser for a total of $20,000. The Purchaser is a limited liability company consisting of myself and my sister, Regina, who holds a ninety-nine percent (99%) interest in the LLC.   This Motion to Approve the Sale is being submitted to the Court in accordance with the provisions of the Confirmed Chapter 11 Plan of Reorganization herein.

7.   With respect to the sales offer, on or about January 28, 2011, Catalina Preferred Properties, LLC submitted an offer to purchase the subject real property for the sum of $1,120,000, which was the appraised value pursuant to the MAI Appraisal provided by Cummings Appraisal Group, Inc.

8. Notwithstanding the aforementioned offer and acceptance, over the past several months, my real estate agent, Christopher Furstenberg with Furstenberg Realty, Inc. has continued to actively list and advertise the property on the Multiple Listing Service ("MLS"), Zillow, Loopnet, Redfin, Claw and Realtor.com. In addition, Mr. Furstenberg and Furstenberg Realty, Inc. have continued to list the property on the MLS indicating they are still accepting backup offers (ie. "Looking for Backup").

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

9.   A review of the sale and escrow documents reflects a sales price of $1,120,000.   After assumption of the first trust deed with the City of Los Angeles, payment of the second trust deed securing the property, payment of Administrative Expenses, priority tax claims, real estate commissions, escrow and closing charges, there will be sufficient net proceeds to close escrow.

10.   Although the terms of the sale are fully set forth in the attached Residential Income Property Purchase Agreement and Joint Escrow Instructions and Addendum (See **Exhibit A**), the essential terms can be summarized as follows:

a.   The sale price is $1,120,000 ("Purchase Price").

b.   The Buyer understands that the sale is "as is" with relation to the condition of the Property.   However, the offer is contingent upon the approval and transfer of the assumable first loan from the City of Los Angeles and a loan contingency.

c.   This sale is also expressly conditioned on approval of the United States Bankruptcy Court for the Central District of California, Los Angeles Division in accordance with the Confirmed Chapter 11 Plan of Reorganization herein.

d.   Escrow is scheduled to close within two weeks after the Bankruptcy Court Approves the sale of the Property. Escrow shall not be authorized to disburse any funds without the prior Court Order approving the sale of the Property.

11.   The proposed sale has been brought in good faith and has been negotiated on an "arms length" basis.   The negotiations with the Buyer has resulted in an offer to sell the Property that will have substantial benefit to the creditors and estate. Accordingly, the sale is in good faith and should be approved.

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

The Movant is requesting such a finding pursuant to Bankruptcy Code Section 363(m) at the hearing on this Sale Motion.

12. As more fully set forth above, the sale will generate sufficient funds to pay all liens, administrative claims and priority tax claims.

13.    The delay in submitting this Sale Motion has been caused by the timing involved with the loan assumption involving the City of Los Angeles, which requires a 60 - 90 day review and processing period to evaluate the loan assumption. The detailed Application for loan assumption was submitted to the City on or about February 21, 2011 and the 90-day period expired recently.

14.    Both myself and my counsel have been following up with the City of Los Angeles almost on a regular basis to confirm the status, timing and whether any other information is needed. However, the City of Los Angeles has not provided any other follow up indicating a different time period other than the initial 60 - 90 day time frame and they have not indicated that any information or documentation is needed or missing. There-fore, the Movant is requesting that the Court order that the City of Los Angeles assumable loan shall be assumed by the Purchaser, Catalina Preferred Properties, LLC.

15.    Furthermore, the Movant is also requesting the Court to approve Catalina Preferred Properties, LLC to take over management of the property upon entry of the Order Approving Sale for a variety of reasons, including but not limited to:

A.  We have not received one receipt from management, ever,

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

despite repeated requests for information and documents;

B.   The current management fees are high based on a statement by the Appraisal company;

C.   The Income Statements to the Court did not list income, unit by unit;

D.   Their management skills are questionable in that I understand they lost other properties and they were sued for millions of dollars on another property, etc.;

E.   Conflict of interest with the Debtor and same owners.

16. Finally, as a part of the overbid process, the Movant is providing notice of this Motion to all former agents, and parties who have previously submitted offers on the subject property. With relation thereto, notice of this Motion to sell is being provided to known persons or entities who ever bid on, or expressed interest in bidding on the subject property during the Chapter 11 Bankruptcy case, and includes sending a copy of this Motion to all brokers who ever brought in potential buyers for the property or were listing brokers for the property.

17. In addition, the Debtor and other parties herein are encouraged and requested to also notify any other potential buyers and/or their agents who have submitted or are interested in submitting offers as to the availability of the subject property and the terms of sale listed above.

18. Accordingly, I respectfully request the Court to grant this Sale Motion based on the foregoing, as is just and proper.

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 27, 2011, at Monrovia, California.

_____/s/  Joseph Kurn_____
JOSEPH KURN

MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
180 Newport Center Drive, Ste. 100, Newport Beach, CA 92660

A true and correct copy of the foregoing document described as ***Motion For Order Authorizing Sale of Real Property,*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***5/27/11,,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. Trustee (LA), Email: ustpregion16.la.ecf@usdoj.gov
Kenneth G. Lau on behalf of U.S. Trustee, Email: Kenneth.g.lau@usdoj.gov
Kathleen P. March, The Bankruptcy Law Firm, PC, Email: kmarch@bkylawfirm.com
Anthony J. Napolitano on behalf of Debtor 450 S Burlington Partners, LLC, Email: anapolitano@buchalter.com, IFS_filing@buchalter.com
Leon L. Vickman on behalf of Victor Ritter, Email: lvickman@pacbell.net

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***5/27/11,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Richard J. Greene, Triumvirate Partners, LLC, Email: rgreene@gfchlaw.com
Christopher Furstenberg, Furstenberg Realty, Inc., Email: chrisfurstenberg@gmail.com
Danielle Hoston on behalf of KW Commercial, Email: danielle@hostonassociates.com
Max Pellegrini, Dilbeck Realtors, Email: max.pellegrini@dilbeck.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/27/11 | Tu Nguyen | /s/ Tu Nguyen |
|---------|-----------|---------------|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**